## Pennsylvania Labor Relations Board v. Armstrong School District Board of Directors

*Caram J. Abood,* of *Green, Gibson & Abood,* for plaintiff.

*Robert E. Pryde,* for defendant.

GREINER, P. J. (Fifty-ninth Judicial District, Specially Presiding), July 19, 1973.—As a result of the Public Employee Relations Act of July 23, 1970, P. L. 563 (No. 195), 45 PS §1101.101, et seq., the professional teaching employes of the Armstrong School District,

represented by Armstrong Education Association as their bargaining agent, entered into negotiations with the Board of School Directors, Armstrong School District, as employer, for an appropriate employment contract. Although the exact date of the commencement of such negotiations is not of record before this court, there resulted over a period of more than a year a series of tantalizing and frustrating meetings, negotiations, actions and cross actions, including an appeal to the Commonwealth Court. In addition to the matters of record to the above number and term, additional collateral proceedings involving the same general subject are of record to June term, 1971, no. 226, and June term, 1972, no. 342. By order of May 1, 1972, President Judge House, having been informed that no contract had been negotiated between the Board· of School Directors, Armstrong District and Armstrong Education Association, entered a rule to show cause why the course of contract negotiations previously directed by the court should not be under the supervision of an officer of the court and that the costs and expenses of such court officer's services should not be taxed as costs in the above-captioned matter as apportioned between the Board of School Directors of Armstrong School District and Armstrong Education Association in such manner as the court subsequently should direct. In response thereto by agreement of parties, Judge House entered an order of court May 11, 1972, making the rule of May 1, 1972, absolute and, inter alia, appointing Matthew A. Crawford, Esq., as the officer of the court to supervise the control of further contract negotiations between the parties.

By order of June 12, 1972, Judge House recognized that said negotiations were continuing under the supervision of the court but had not resulted in an agreement between the parties and, further, that said Matth-

ew A. Crawford, Esq., the officer appointed by the court to supervise negotiations between the parties, was entitled to the payment of interim compensation for his services as provided in the order of May 11, 1972. Accordingly he determined just compensation at the rate of $150 per day for 16 days of services or a total of $2,400 and included as follows: "It further appearing to the court that liability for payment of the above mentioned compensation should be apportioned between the negotiating parties in accordance with their ability to pay.

"Now, therefore, it is ordered, adjudged and decreed as follows:

"(1) That compensation be and is hereby fixed and awarded to Matthew A. Crawford, Esq., in the amount of $2,400.00 for his services as officer of the court in supervising negotiations between the above parties for the period May 11, 1972, to June 12, 1972, inclusive; and

"(2) That liability for the payment of said compensation be and is hereby apportioned between the parties as follows: Armstrong School District—80% thereof or $1,920.00; Armstrong Education Association—20% thereof or $480.00; and

"(3) That the negotiating parties shall satisfy their respective obligations for said compensation due under this Order forthwith."

Immediately following said order, by reason of Judge House's attendance at the National College of State Trial Judges, Reno, Nevada, the jurisdiction of this case was assigned to the writer by the Supreme Court of Pennsylvania.

Prior to this time, on June 5, 1972, Judge House had granted injunctive relief directing the members of the Armstrong Education Association to return to their duties on June 6, 1972, and following hearing before

him on June 9, 1972, he held them in contempt for not so doing, directing them to return to their teaching duties the following Monday in strict accordance with his order of June 5, 1972.

Following final agreement between the parties at the early hours of June 23, 1972, the striking members of the Armstrong Education Association returned to their duties.

The undersigned having been informed that the court-appointed Matthew A. Crawford, Esq., had not received his compensation as directed by the order of June 12, 1972, by order of October 12, 1972, said prior order was confirmed and the parties were directed to immediately make payment in accordance with the apportionment set forth therein. The Board of School Directors, Armstrong School District then filed a motion to modify the aforesaid orders of June 12, 1972, and October 12, 1972, alleging the inequity of the apportionment in that the parties to be supervised benefited equally therefrom and that the conduct of the Armstrong Education Association and its members in the course of these negotiations, in violating the injunction, would result in a lost State reimbursement to the school district and thus increase burdens to the taxpayers who must also bear a portion of costs of the supervised negotiations. After due notice, a hearing was held thereon and a record made, including a detailed report of services rendered by said Matthew A. Crawford, Esq., and showing payment to date of $1,200 from the school district and $480 from the association, leaving a balance due of $720 and, in addition, his report and testimony reflects that he had not received any allowance for his services as said officer of the court on June 13, 14 and 15, 1972.

Historically, courts of equity have had the power to impose and apportion costs between the parties. This power is specifically set forth in Pennsylvania

Rule of Civil Procedure 1523, et seq., and the appellate courts have upheld apportionments of costs when this was done in the sound discretion of the chancellor. However, they emphasize that such apportionment must not be capricious or arbitrary and is subject to appellate review in regard thereto. The courts have repeatedly stated that costs in equity should be taxed by analogy to common-law rules of liability for costs: Winton's Appeal, 87 Pa. 77; Cadillac Real Estate Co. v. Roddy Realty, Inc., 41 D. & C. 2d 199; Shapiro v. Shapiro, 424 Pa. 120. We are compelled to concur in the school district's position that if a party is ordered to pay a larger portion of costs than the other, there must be some equitable basis for such division arising out of the case in the relative merit to that case as between the parties involved. We are of the opinion that Judge House erred, as this court did in its confirmation order, basing the apportionment "in accordance with their ability to pay." The record shows that by reason of the association's members not performing their duties for a period of 13 days, the school district suffered an aid ratio reduction representing a projected approximate total of $230,941 for the next school year.

The court has given consideration to the point raised by counsel for the association, namely, injunctive relief. As stated above, the terrific financial loss was based only upon the failure of the association members to perform their duties after injunctive relief had been sought and there is no evidence that it was not sought timely.

We, therefore, make the following

## ORDER

Now, July 19, 1973, the order of June 12, 1972, and confirming order of October 12, 1972, are hereby modified as follows:

1. That compensation be and is hereby fixed and awarded to Matthew A. Crawford, Esq., in the amount of $2,700 for his services as officer of the court in supervising the negotiations between the above parties for the period of May 11, 1972, to and including June 12, 1972, and for the further services rendered in connection therewith June 13, 14 and 15, 1972;

2. That liability for the payment of said compensation be and is hereby apportioned between the parties as follows: Armstrong School District, 50 percent thereof, or $1,350; Armstrong Education Association, 50 percent thereof or $1,350; and

3. That the negotiating parties will satisfy their respective obligations for said compensation due under this order forthwith, with credit for payments heretofore made by the Armstrong School District in the sum of $1,200 and by the Armstrong Education Association in the sum of $480.